UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DARRELL KOZA                         :
                                     :
    v.                               :    C.A. No. 15-315L
                                     :
TOWN OF WESTERLY, et al.             :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); Local Rule CV 72(a)) is Defendants' Motion to Dismiss this action pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Document No. 21). A hearing was held on December 15, 2015. For the following reasons, I recommend that Defendants' Motion to Dismiss (Document No. 21) be DENIED.

**Facts**

Plaintiff Darrell Koza performed services for the Town of Westerly as a part-time, nonpermanent police officer, i.e., Constable, pursuant to Section 9-1-8 of the Town's Charter[1] until his termination on December 4, 2014. (Document No. 2, ¶ 8). Constable are "assigned to work private and special duty details, including special events and assignments for the Town and schools"

---

[1] Section 9-1-8 provides that:

> In addition to the members of the permanent police force, the Manager, upon recommendation of the Director of Public Safety and the Chief of Police, may appoint additional constables for occasional service, and for limited terms. Said constables shall, while on assigned duty, have the powers of regular police officers and shall receive such compensation commensurate with their duties as may be fixed by the Council. A constable may be removed at any time by the Manager upon recommendation of the Chief of Police and the Director of Public Safety.

The Constables are also referred to as reserve officers in the Complaint. The Court will use the term Constable for consistency.

as well as "foot patrol work, traffic control, and related police work."  (Document No. 2, ¶ 20).  Defendants are the Town of Westerly and its Town Manager and Director of Public Safety, Finance Director and Chief of Police.

The Town and Westerly Local #503, International Brotherhood of Police Officers ("Local 503") are parties to a collective bargaining agreement for the term July 1, 2013 to June 30, 2016 (the "CBA").  (Document No. 2-1).  Local 503 is the collective bargaining representative of the Town's full-time, permanent Police Officers.  Local 503 does not represent the Constables. The CBA was signed on June 23, 2014 and contains provisions regarding the assignment and compensation of private and special-duty details.  It effectively gives full-time, permanent Police Officers a right of first refusal for detail assignments before they are offered to "civilian constables."  Id. at p. 6.  The CBA provides for a rate of $38.00 per hour for detail work and the additional charge to private entities of $4.00 per hour for an administration fee for "private details."  Id. at p. 7.  Finally, the CBA provides that "[f]or any private duty detail worked by a constable or reserve officer (who was not formerly a Westerly Police Officer), said reserve or constable shall make a contribution of $5.00 per hour to Local 503."  Id.

In a companion case (Cimalore v. Westerly, C.A. No. 15-313L), Plaintiffs, including Mr. Koza,  challenge the legality of this $5.00 per hour mandatory "contribution" and argue that it is an illegal "Forced Union Fee."  Plaintiffs assert that the Town and Local 503 unlawfully began, without prior notice or lawful authorization, deducting the $5.00 per hour contribution from their pay in April 2014 as "CRSR Dues."  Plaintiffs contend that this compelled contribution to Local 503 violates their constitutional rights including their freedom of association under the First Amendment.  Plaintiffs also allege that the Town unconstitutionally retaliated against them for engaging in

constitutionally protected speech in opposition to the contribution by revising the system for assigning details which "reduced and limited [their] hours and pay." Finally, Plaintiffs allege that the deduction of the contribution and assignment to Local 503 violates Rhode Island's Payment of Wages Act and they bring additional state law retaliation and whistleblower claims.

In this case, Mr. Koza also alleges that he engaged in protected speech and other conduct in objecting to the lawfulness of the compelled contribution to Local 503, and that such speech and other conduct was a substantial and motivating factor for the Town's termination of his employment as a Constable and failure to reappoint him as a Deputy Town Sergeant. Mr. Koza brings a federal claim of unconstitutional retaliation under 42 U.S.C. § 1983 and state statutory retaliation claims under Rhode Island's Payment of Wages and Whistleblowers' Protection Acts.

**Discussion**

**A.   Standard of Review**

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the Court construes the Complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. See Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995). While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right

to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). The complaint "must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559).

### B. Defendants' Arguments

Defendants argue that Plaintiff's Complaint is conclusory and fails to set forth sufficient well-pleaded facts to state any claims upon which relief may be granted. (Document No. 21-1 at p. 4). In particular, they contend that Plaintiff has not plead sufficient facts demonstrating that he is a public employee, that his termination was an act taken under color of state law, or that he engaged in any protected speech or conduct. In addition, Defendants argue that Plaintiff has not plead sufficient facts demonstrating that his speech or conduct was a substantial or motivating factor in the decision to terminate his status as a Constable.

### C. Analysis

Defendants' counsel described this Motion as "primarily a Twombly challenge" during oral argument. To survive a motion to dismiss under Twombly, a complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests and allege a plausible entitlement to relief. 550 U.S. at 555, 559. A plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Although Plaintiff's Complaint does contain some legal conclusions, it is not based on the kind of "threadbare recitals" criticized in Iqbal. 556 U.S. at 678. Defendants assert that Constables

such as Mr. Koza are independent contractors and not employees. "The determination of whether a relationship between parties constitutes an employer-employee relationship is a mixed question of fact and law." Cayer v. Cox Rhode Island Telecom, 85 A.3d 1140, 1144 (R.I. 2014) (The ability to control the method and means of an individual's work performance is required to find an employer/employee relationship.).

While identifying himself as an "employee" is a legal conclusion, Plaintiff has alleged sufficient factual indicia suggestive of employment status to at least overcome the present Rule 12(b)(6) challenge as to all of his claims. For example, the Town's Charter provides for the "appointment" of Constables who, "while on assigned duty, have the powers of regular police officers."[2] It is undisputed that the Town's "regular" police officers are employees and that the performance of their police powers is subject to control and supervision by the Town. It is thus reasonable to infer that the Town would not give those same powers to Constables and treat them as independent contractors with less oversight and accountability. Plaintiff alleges that the Town issues "certification cards" to the Constables stating that they are "nonpermanent police officers." (Document No. 2, ¶ 18). Plaintiff also alleges that their "work consists of providing a law enforcement and security presence as part of private and special duty details...and foot patrol work, traffic control, and related police work" and that the Town maintains a detail assignment system for allocating the detail work to employees including full-time police officers as well as Constables. Id. at ¶¶ 20, 44. Finally, Plaintiffs assert that the Town unilaterally deducts the $5.00 contribution

---

[2] Plaintiff alleges that the Town's Police Chief criticized the Reserve Officers for taking their complaints outside the "chain of command." (Document No. 2, ¶ 33). Although chain of command is a term generally used in the military context, it can also suggest the supervisory hierarchy in an employment setting. Additionally, in their brief, Defendants refer to Plaintiff losing his "job" which further connotes an employment relationship. (Document No. 21-1 at p. 25).

from their compensation and it is reasonable to infer that such a deduction would not likely be permitted in a purely contractual relationship.

As to the retaliation and whistleblower claims, Defendants argue that they are forced to "hunt through Plaintiff's Complaint and scrounge together" the basis for such claims because Plaintiff's Complaint is a combination of "a scant assortment of facts and a flurry of bombastic conclusory statements." (Document No. 21-1 at p. 9). While Plaintiff's Complaint does include some legal conclusions as previously noted, it does contain enough factual averments to at least state a plausible claim for relief and provide Defendants with fair notice. Simply put, Plaintiff plainly alleges that he "opposed, challenged, and advocated," on behalf of himself and similarly-situated Constables, against the imposition of the "contribution" in issue, and the Town's unilateral deduction of such amounts as a violation of their constitutional and statutory rights. He alleges that he articulated his concerns to Town Officials in various ways culminating in an October 27, 2014 meeting. (Document No. 2, ¶¶ 29-42).[3] Plaintiff alleges that he personally met with the Police Chief regarding these issues on July 29, 2014. Plaintiff contends that the Town subsequently revised its detail assignment system in a manner which diminishes the hours and pay of the Reserve Officers. In Cimalore, Plaintiffs assert that their prior protected speech and conduct was a "substantial and motivating factor" for the revision. Here, Plaintiff claims that the Town's November 30, 2014 decision not to reappoint him as a Deputy Town Sergeant and its December 4, 2014 decision to terminate his status as a Constable was similarly done in retaliation. Although Plaintiff does not identify any "smoking gun" evidence of retaliatory motive, he contends that such motive can

---

[3] Plaintiff alleges that, on or about November 23, 2014, a local newspaper published a report about this dispute which supports his claim that the matter is one of public concern for purposes of his claim under Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). (Document No. 2, ¶¶ 43, 67).

reasonably be inferred from circumstantial evidence such as the timing of the termination, the failure to investigate the complaints, the failure to provide notice and an opportunity to respond,[4] and the overall lack of justification for the termination. Id. at ¶ 69. For pleading purposes, Plaintiffs' allegations are sufficient to state plausible claims of constitutional and statutory retaliation.

Although Defendants elected to challenge Plaintiff's Complaint under Rule 12(b)(6) and Twombly, their arguments impermissibly stray beyond the four corners of the Complaint. For instance, Defendants invoke "natural human psychology" and argue that the "reasonableness of the belief, not the state of mind of the disgruntled party, must control whether the State affords the individual any employment protection, otherwise employers would suffer the imaginations of all of their former employees and the cacophony of imaginary whistles blowing in the Court house would irreparably damage judicial economy." (Document No. 21-1 at p. 29). In support, Defendants posit that "Plaintiff wishes his loss of $5 was about the First Amendment and Unions and the right to work and freedom but the disappointing reality, as shown by the well-pleaded facts, is that the $5 fee is actually about the administrative costs associated with managing constables." Id. (emphasis added). However, the Court is precluded from making such findings and drawing such inferences against the non-moving party under Rule 12(b)(6). See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013) (In evaluating a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts as true and draw all reasonable inferences in the pleader's favor.). In addition, the well-pleaded facts offer no insight into what the $5.00 fee is "actually about." While Plaintiff's Complaint asserts that the imposition of the fee is unlawful, it does not allege why the Town and

---

[4] Plaintiff alleges that he was terminated without written notice of the charges against him or an opportunity for a hearing in violation of R.I. Gen. Laws § 45-16-13 which provides the process for removal of "Town Constables" from office. Defendants do not address this allegation in their Motion and thus the Court must assume, for purposes of this Motion under Rule 12(b)(6), that the statute is applicable and was not followed.

Local 503 agreed to the fee or its purpose.  The CBA is likewise silent and simply identifies the fee as "a contribution of $5.00 per hour to Local 503."[5]  (Document No. 1-2 at p. 7).  The CBA does, however, impose a $4.00 per hour "administration fee" on those hiring private details in addition to the $38.00 hourly charge which would presumably cover the "administrative costs" referenced by Defendants.

Similarly, in challenging Plaintiff's allegation of retaliatory motive, Defendants argue that Plaintiff has admitted to committing two crimes in his Complaint and "should be thankful that nothing further than an alleged adverse employment action is before any court today."  (Document No. 21-1 at p. 24).  Defendants contend that Plaintiff's "incessant complaints were indulged, perhaps too much" and that he lost his "job" because "he disobeyed a police officer and lied to the Attorney General, not because he wouldn't stop talking about his $5.00."  Id. at p. 25.  (emphasis added).  Again, Defendants invite the kind of fact-finding and drawing of inferences against the non-moving party which are not permitted under Rule 12(b)(6).  When construed in the light most favorable to Plaintiff, it is impossible to conclude under Rule 12(b)(6) that Plaintiff has made any admissions of criminal conduct in his Complaint which are dispositive of this case.[6]

**Conclusion**

For the foregoing reasons, I reject Defendants' "Twombly challenge" to Plaintiff's Complaint and find that it states at least plausible constitutional and statutory claims upon which

---

[5] In an Affidavit submitted in the Cimalore case, Local 503, through its President, avers that "the purpose of the [$5.00] assessment is to establish a trust fund on behalf of the retired Westerly Police Officers to help defray the costs of their health insurance in retirement."  (Document No. 37, ¶ 19 in C.A. No. 15-313L).

[6] Likewise, the Court does not construe Defendants' reference in their brief to Plaintiff losing his "job" as an admission of an employer/employee relationship.  (See Document No. 21-1 at p. 25).

relief could be granted.  Accordingly, I recommend that Defendants' Motion to Dismiss (Document No. 21) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 8, 2016